2153

William A. SWINTON, Respondent v. SOUTH CAROLINA DEPART-
MENT OF MENTAL HEALTH and State Workers' Compensation
Fund, Appellants.

(442 S.E. (2d) 215)

Court of Appeals

*George A. Kastanes*, of Lexington; and *Mary M. Elliott*, of
the *State Workers' Compensation Fund*, Columbia, *for appel-
lants*.

*William T. Toal* and *Luther J. Battiste, III*, of Johnson,
*Toal & Battiste*, Columbia, *for respondent*.

Heard Feb. 8, 1994.

Decided Mar. 7, 1994.

*Per Curiam:*

This is a worker's compensation case. The South Carolina
Department of Mental Health and the State Workers' Com-
pensation Fund appeal from a circuit court order denying
them a credit for an alleged overpayment of benefits to
William A. Swinton, an employee of the Department of Mental
Health. We affirm.

Swinton sustained an injury to his back on January 3, 1990,

while employed by the Department. He began receiving temporary total disability benefits on January 17, 1990.

In August, 1990, Swinton requested a hearing, alleging he needed additional medical treatment. He also contended he had suffered a permanent partial disability to his back. The employer and carrier argued Swinton had reached maximum medical improvement on May 21, 1990, and sought a credit for all monies paid, but not due at the time paid, pursuant to S.C. Code Ann. § 42-9-210 (1976).

The single commissioner found Swinton had reached maximum medical improvement on May 21, 1990, that he was not entitled to additional treatment, and that he had suffered a fifteen percent permanent disability for the loss of use of his back. Because the issue was not presented to him, the commissioner did not rule on whether the employer and carrier were entitled to a credit under section 42-9-210 for payments to Swinton after he reached maximum medical improvement.

On appeal to the full commission, the employer and the carrier first raised the issue of their entitlement to a credit for all temporary total benefits paid to Swinton after May 21, 1990. Without expressly addressing the issue, the full commission simply affirmed the single commissioner's order without awarding the requested credit.

The employer and the carrier then petitioned the circuit court for judicial review pursuant to the Administrative Procedures Act. The court found there was substantial evidence in the record to conclude that the commission was correct in determining that the credit should not be given.

The sole issue for our determination is whether the employer and the carrier are entitled to a credit for the temporary total disability benefits paid to Swinton after the date he reached maximum medical improvement.

In this case, Swinton suffered an injury to his back that rendered him temporarily, but totally disabled. "Disability" means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment. S.C. Code Ann. § 42-1-120 (1976). Pursuant to S.C. Code Ann. § 42-9-1 (1976), the employer was obligated to pay weekly compensation to Swinton "during the total disability." The single commissioner's finding of maximum medical improvement did not establish that Swinton was

no longer disabled as of May 21, 1990. Without such a finding, Swinton's disability was presumed to continue. 25A S.C. Code Ann. Regs. 67-504(B) (1976). We, therefore, affirm the circuit court's holding that the credit should not be given.

Affirmed.